# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ASHLEY DRURY,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:10-cv-1176-Orl-28DAB**

**VOLUSIA COUNTY, FLORIDA; ROBERT PAUL TAMERIS; JECOA DUANE SIMMONS; CHRISTIAN DUARTE; and KEVIN SWEAT;**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **MOTION FOR ATTORNEY FEES (SIMMONS AND TAMERIS) (Doc. No. 180)**
>
> **FILED:**     **February 2, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**   **MOTION FOR ATTORNEYS FEES (VOLUSIA COUNTY, SWEAT) (Doc. No. 181)**
>
> **FILED:**     **February 3, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

*Background*

    As summarized in the District Court's prior Orders (Doc. No. 77, 176), this lawsuit involved allegations of sexual intercourse between three adult males over the age of twenty-nine and a

then-minor female, Plaintiff Ashley Drury, all of whom were formerly employed by the Volusia County Beach Patrol. In her initial pleading, Plaintiff alleged that Defendants—Tameris, Simmons, Duarte, Sweat, Volusia County, the County Manager, the Deputy County Manager, and the Director of the County Department of Public Protection—violated her constitutional rights and committed several state law torts. The Complaint set forth eleven counts, including: three claims for constitutional violations pursuant to 42 U.S.C. § 1983 against all of the Defendants (Counts I, II, and III); one conspiracy count under 42 U.S.C. § 1985 against Defendants Tameris, Simmons, and Sweat (Count IV); one claim under 42 U.S.C. § 1986 against Defendant Sweat only (Count V); state law claims of negligent supervision (Count VI) and negligent retention (Count VII) against the County only; three state law battery claims—one each against Tameris, Simmons, and Duarte (Counts VIII, IX, and X); and one count of intentional infliction of emotional distress against Defendants Tameris, Simmons, Duarte, and Sweat (Count XI). On motions for judgment on the pleadings as to certain counts, and motions to dismiss, the Court granted the motions in part and denied the motions in part, dismissed claims against Defendants Dinneen, Connors, and Coffin and against Defendant Sweat in his official capacity, and directed Plaintiff to file an amended complaint (Doc. No. 77).[1]

In her Amended Complaint (Doc. No. 80), Plaintiff again asserted that her constitutional rights were violated by the sexual encounters, and she brought claims pursuant to 42 U.S.C. § 1983 for violations of those rights. She also asserted claims under Florida law. Named as Defendants in the Amended Complaint were the three men involved in the sexual activity ("Tameris," "Simmons" and "Duarte"), the director of the Beach Patrol ("Sweat"), and Volusia County ("the County"). Defendants answered the Amended Complaint, and the parties engaged in lengthy discovery and a mediation (Doc. No. 152).

---

[1] Of import here, Plaintiff's conspiracy claim under 42 U.S.C. § 1985 (Count IV), as well as her claim pursuant to 42 U.S.C. § 1986 (Count V), were dismissed for failure to state a cause of action. The Section 1983 counts (Counts I, II and III) survived dismissal.

Subsequently, the County and Sweat (Doc. No. 105) and Simmons and Tameris (Doc. No. 107) moved for summary judgment, and Plaintiff moved for partial summary judgment against Tameris (Doc. No. 109). The docket reflects substantial briefing on the issues, with all parties moving for leave to file excess pages, due to what the County called "voluminous discovery, including more than twenty depositions of parties and witnesses" and the "vastness of the evidence" (Doc. No. 102).

In a thorough Opinion (Doc. No. 176), the District Judge granted the Defendants' motions for summary judgment, as to the federal law claims (Counts I, II, and III).[2] Defendants' motions were denied as to Plaintiff's remaining state law claims, which were dismissed without prejudice to Plaintiff pursuing same in state court (Doc. No. 176). Judgment providing that Plaintiff shall take nothing from any Defendant on the federal claims was entered (Doc. No. 177), and these motions followed.

The District Court has referred the motions to the undersigned, and this Court has considered the motions, the responses filed by Plaintiff (Doc. Nos. 183, 184), the reply briefs (Doc. Nos. 191, 192), and the applicable law.[3] For the reasons set forth herein, it is **respectfully recommended** that **the motions be denied.**

*Standards of Law*

Title 42 U.S.C. § 1988 provides courts with the discretion to award reasonable attorneys' fees to prevailing parties in certain civil rights actions.[4] As the Eleventh Circuit has recently stated, a

---

[2] Plaintiff conceded that Count IX - a state tort action for intentional infliction of emotional distress - failed to the extent it was asserted against Defendant Sweat (Doc. No. 176 at 8, n. 9). Judgment on this state law claim was entered in favor of Sweat, as well.

[3] During the pendency of these motions, Plaintiff has filed a Notice of Appeal as to the Order on the summary judgment motions (Doc. No. 189). As the instant motions are collateral matters, the District Court retains jurisdiction to resolve them notwithstanding the pending appeal.

[4] In relevant part, the statute provides:
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . .
42 U.S.C.A. § 1988(b).

prevailing defendant is only to be awarded attorneys' fees where the plaintiff's case was "meritless in the sense that it [was] groundless or without foundation." *Cohen v. World Omni Financial Corp.*, No. 11-13438, 2012 WL 263141, *6 (11th Cir. January 30, 2012)[5], *citing Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quotation omitted); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

> This Circuit, recognizing that determinations regarding frivolity are to be made on a case-by-case basis, has identified several factors to help inform that determination, among them: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'

*Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir.1999), *citing Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985). The so-called *Sullivan* factors are "general guidelines only and not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan,* 773 F.2d at 1189.

In deciding whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan*, 773 F.2d at 1189 (*quoting Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir.1981)). The fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous. *Cohen,* 2012 WL 263141 *6 ("Another factor we consider in a § 1988 case is the attention given to the claim: a claim is not frivolous when it is 'meritorious enough to receive careful attention and review,'" *citing Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir.1991).) In evaluating frivolity, the Court must view the evidence in a light most favorable to the

---

[5]*Cohen*, as an unpublished opinion of the Eleventh Circuit, constitutes persuasive, and not binding, authority. See 11th Cir. R. 36-2 and I.O.P. 6.

-4-

non-prevailing plaintiff. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1179 (11th Cir.2005) (internal quotations omitted).

*Analysis*

All four movants here assert that the circumstances are such that an award of attorney's fees pursuant to Section 1988 is warranted. As the County and Sweat state in their Reply brief: "At this juncture, the sole question before this Court is whether Plaintiff's case was "without evidentiary foundation sufficient to justify an award of fees" . . . (Doc. No. 192). After careful review, and full consideration of all of the applicable factors, the Court disagrees with the movants as to the proper question before the Court, and finds the showing presented insufficient to justify an award.

There is no doubt that, as to the federal claims, Defendants are the prevailing parties in this litigation.[6] However, the action also included numerous state law claims based on the same facts, which were dismissed without prejudice to their pursuit in state court. As such, the Court did not pass on the merits of those state law claims, and (obviously) there is no finding that the state claims are frivolous. A review of the fee requests, however, show that defense counsel's work related to all of the case, as a whole, as the federal and state law claims were based on the same fact pattern. Moreover, defense counsel states: "The amount of fees incurred in defending Defendant Volusia County cannot be separated from the amount of fees incurred in defending Defendant Kevin Sweat since the claims brought against him, individually, included the same allegations as those asserted in the claims against Volusia County." (Doc. No. 181).

Although Defendants brief the issues under the assumption that they are entitled to fees for the "intertwined" claims (Doc. No. 180 at p. 15), that assumption is erroneous. Even if the movants could show that the federal claims were, in fact, groundless and an award of fees is warranted under Section 1988, they would *only* be entitled to fees incurred *solely* because of the frivolous allegations.

---

[6]This conclusion reflects the current state of affairs, notwithstanding the pending appeal.

As the Court finds no showing that any of the claimed fees meet this standard, the motions must be **denied.**

In *Fox v. Vice*, __ U.S.__, 131 S. Ct. 2205, 180 L.Ed 2d 45 (2011), the United States Supreme Court unanimously resolved a split among several circuits regarding the award of attorneys fees to a prevailing defendant pursuant to 42 U.S.C. § 1988.[7] As here, the Court was presented with a scenario where a plaintiff's unsuccessful civil rights claims were litigated in tandem with potentially meritorious state law claims. The Supreme Court found that while it was appropriate to award attorneys' fees to successful defendants when a plaintiff's civil rights claim was found to be frivolous, only those attorney's fees that would not have been incurred but for the plaintiff's frivolous civil rights claim, were recoverable by the defendant. 131 S.Ct. at 2216. The Court stated:

> In a suit of this kind, involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all. Consistent with the policy underlying § 1988, the defendant may not receive compensation for any fees that he would have paid in the absence of the frivolous claims.

*Fox*, 131 S.Ct. at 2218. The *Fox* Court reasoned that § 1988 "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim ....So if a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Id*. at 2215. Thus, under the *Fox* standard, "even if the work benefitted the defense of the § 1983 claims, fees would not be awarded if the work also benefitted the defense of the state law claims." *Rico v. School Bd. of Miami-Dade County Public Schools,* No. 09-22281-CIV, 2011 WL 2223607, *2 (S.D. Fla. June 7, 2011). Applying the appropriate standard, movants fail to identify any work that did not also benefit

---

[7]Despite its applicability, neither side cited *Fox* in their briefing.

-6-

the state law claims. Indeed, they have essentially conceded that the claims and parties were so intertwined as to preclude meeting this standard.

Even if the movants were able to isolate the fees incurred solely due to the federal claims, the Court cannot find that these claims are so without merit as to warrant an award of fees. The "careful attention and review" given to these claims by the Court (in lengthy opinions) and the parties (in extensive briefing), coupled with the "voluminous" evidence which is viewed in the light favorable to Plaintiff, is sufficient to persuade the Court that these claims, while not successful, are not so lacking in any arguable merit as to warrant a discretionary award to Defendants.

For the foregoing reasons, it is **respectfully recommended** that the motions be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 16, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy